RECEIVED
IN LAKE CHARLES, LA.

JUL -7 2014

TONY R. MOORE, CLERK
BY ___ *PHP* ___
                              DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHAD JOHNSON, ET AL. | * | CIVIL ACTION NO. 2:11-CV-1722 |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| V. | * | JUDGE MINALDI |
| | * | |
| RAILROAD CONTROLS, L.P., ET AL. | * | |
| | * | |
| **Defendants** | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

The following motions in the above-captioned matter are currently before the court: Navistar, Inc.'s (Navistar), Rule 12(b)(6) Motion to Dismiss [Doc. 69]; Chad and Betty Johnson's (plaintiffs) Motion for Leave to Stay the Motion to Dismiss [Doc. 78]; Diversified Metal Fabricators, Inc.'s (DMF), Rule 12(b)(6) Motion to Dismiss [Doc. 85]; Railroad Controls, L.P.'s (RCL), and BNSF Railway Company's (BNSF) Second Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 94]; Navistar's Motion for Summary Judgment [Doc. 97]; and the plaintiffs' Motion for Leave to Stay Motions to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment [Doc. 107]. Due to the interconnectivity of the aforementioned motions, they shall be ruled on collectively herein.

## FACTS & PROCEDURAL HISTORY

The plaintiffs filed suit on September 26, 2011, against RCL, BNSF, and TNT Equipment Sales and Rentals, Inc. (TNT), seeking to recover for injuries allegedly sustained by Mr. Johnson on September 26, 2010, in the course of his employment with RCL.[1] The plaintiffs' Second Amended Complaint [Doc. 93], which includes as defendants DMF and Navistar,[2]

---

[1] *See generally* Compl. [Doc. 1]. *See also* Memo. Ruling [Doc. 88], at 1.
[2] Second. Am. Compl. [Doc. 93], at ¶ II.

alleges that the high rail dump truck vehicle in which Mr. Johnson was riding as a passenger on the date of the alleged incident lost braking ability due to the defective nature of the truck and the railgear, resulting in Mr. Johnson's alleged injuries.[3]

The plaintiffs have asserted negligence claims against RCL, Mr. Johnson's employer at the time;[4] claims under the Louisiana Products Liability Act, LA. REV. STAT. ANN. §§ 9:2800.51, *et seq.*, against both DMF, as the manufacturer of the high rail system itself, and Navistar, as the manufacturer of the high rail dump truck that was involved in the accident;[5] a negligence claim against TNT for failing to properly install the braking system; and Mrs. Johnson has sued for loss of consortium.[6]

The court's prior Memorandum Ruling [Doc. 88] addressed BNSF and RCL's Rule 12(b)(1) Motions to Dismiss for Subject Matter Jurisdiction [Doc. 35], as well as a similar Motion [Doc. 36] filed by TNT.  That ruling denied the defendants' Motions to Dismiss [Doc. 35 & 36] for a lack of subject matter jurisdiction, finding that diversity of citizenship subject matter jurisdiction existed pursuant to 28 U.S.C. § 1332.[7]  The same ruling also granted the defendants' Motions to Dismiss the plaintiffs' claims under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, pursuant to Federal Rule of Civil Procedure 12(b)(6).[8]  The court also denied the defendants' motion to dismiss the plaintiffs' state law claims for failure to state a claim.[9]

On December 11, 2013, Navistar filed a Motion to Dismiss [Doc. 69] for failure to state a claim, and the plaintiffs' filed a Motion [Doc. 78] shortly thereafter for the dual purposes of

---

[3] Second Am. Compl. [Doc. 93], at ¶¶ VII, IX, X-XII.
[4] *Id.* at ¶¶ VII, VIII.
[5] *Id.* at ¶ IX.
[6] *Id.* at XVI.  Specifically, the Mrs. Johnson alleges a "loss of marital benefits, including companionship, society, sexual relations, affection and comfort in addition to loss of support, loss of income, loss of insurance, loss of pension, loss of retirement benefits, loss of fringe benefits, [and] loss of services." *Id.* at ¶ XV.
[7] Memo. Ruling [Doc. 88], at 7.
[8] Memo. Ruling [Doc. 88], at 13.
[9] Memo. Ruling [Doc. 88], at 15.

responding to Navistar's Motion as well as requesting a stay of the court's consideration of Navistar's Motion to Dismiss. On January 16, 2014, DMF also filed a Rule 12(b)(6) Motion to Dismiss [Doc. 85], and the plaintiffs again responded with a combined opposition and request for a stay of the court's consideration of DMF's Motion.[10] On February 27, 2014, the plaintiffs' Second Amended Complaint [Doc. 93] was entered into the record. On March 11, 2014, BNSF and RCL filed a Second Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 94]. Navistar thereafter filed a Motion for Summary Judgment [Doc. 97] on March 18, 2014. The plaintiffs' responses to these latter two Motions [Docs. 94 & 97] consisted of another Motion to Stay [Doc. 107] as to both BNSF and RCL's 12(b)(1) Motion to Dismiss [Doc. 94] and Navistar's Motion for Summary Judgment [Doc. 97]. The court shall address Navistar's Motion to Dismiss [Doc. 69] first.

## LAW & ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to attack a plaintiff's complaint for failing to state a legally cognizable claim for which relief may be granted. FED. R. CIV. P. 12(b)(6). Rule 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A district court is to accept all well-pleaded facts as true, and, viewing those facts in a light most favorable to the plaintiff, review the complaint for facial plausibility. *Whitley v. Hanna*, 726 F.3d 631, 637-38 (5th Cir. 2013) (*citing Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012); *Amacker v. Renaissance Asset Mgmt., L.L.C.*, 657 F.3d 252, 254 (5th Cir. 2011)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitley*, 726 F.3d at 638 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[10] *See generally* Mot. for Leave to Stay the Mot. to Dismiss [Doc. 91].

While detailed factual allegations are not required, the Federal Rules of Civil Procedure require something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Making this assessment is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A court is generally limited to the complaint and its attachments in addressing a motion to dismiss. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (*citing Fin. Acquisition Partners, L.P. v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)). Furthermore, "motion[s] to dismiss under Rule 12(b)(6) '[are] viewed with disfavor and [are] rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citations omitted).

The LPLA establishes the exclusive remedy through which a plaintiff may recover against manufacturers for injuries arising from defective products. LA. REV. STAT. ANN. § 9:2800.52. To recover under the LPLA, a plaintiff must prove (1) that the defendant is a "manufacturer" as defined in the statute; (2) that the plaintiff's injuries were proximately caused by a characteristic of the product; (3) that the product was rendered "unreasonably dangerous" by the damage-causing characteristic, and (4) that the plaintiff's injuries arose from the product's use in a reasonably anticipated manner. LA. REV. STAT. ANN. § 9:2800.54(A). A product may be unreasonably dangerous in 1) construction or composition; 2) in design; 3) because of an inadequate warning; or 4) because it does not conform to an express warranty of the manufacturer. LA. REV. STAT. ANN. § 9:2800.54(B). As to construction or composition defects, the LPLA provides that

> [a] product is unreasonably dangerous . . . if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.

4

LA. REV. STAT. ANN. § 9:2800.55.

"The existence of a vice or defect in a product is not inferred merely because an accident occurs." *Cooper v. LifeSafer Interlock, Inc.*, No. 09-5932, 2011 U.S. Dist. LEXIS 37023, at *7 (E.D. La. Apr. 4, 2011) (*citing Jaeger v. Automotive Cas. Ins. Co.*, 682 So. 2d 292, 298 (La. Ct. App. 1996)). At the same time, however, at the pleading stage, the Federal Rules of Civil Procedure only require that a complaint plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim or element." *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013) (*citing Twombly*, 550 U.S. at 556). The plaintiffs herein allege that the truck, which the plaintiffs state was manufactured by Navistar, was unreasonably dangerous in construction or composition, and that, as a result of its defective condition, the truck's brakes failed, resulting in Mr. Johnson's injuries.[11] The court finds that the plaintiffs' Second Amended Complaint [Doc. 93] sufficiently pleads a claim against Navistar under the LPLA for a construction or composition defect. Accordingly,

**IT IS ORDERED** that Navistar's Motion to Dismiss [Doc. 69] be and hereby is **DENIED** as to the plaintiffs' claim for a construction or composition defect under the LPLA.

The plaintiffs have also asserted a claim against Navistar under the LPLA for a design defect.[12] The LPLA states, in pertinent part, that

> A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
>
> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

---

[11] Second Am. Compl. [Doc. 93], at ¶ X.
[12] Second Am. Compl. [Doc. 93], at ¶ XI.

LA. REV. STAT. ANN. § 9:2800.56.

The plaintiffs' complaint alleges that the vehicle manufactured by Navistar was unreasonably dangerous as a result of its defective design.[13] However, at no point do the plaintiffs allege the existence of an alternative design to which Navistar could have adhered. Other courts, applying the LPLA, have found that this failure to allege the existence of an alternative design is a fatal flaw to a claim for a design defect under the LPLA. *See, e.g., Becnel v. Mercedes-Benz USA, L.L.C.*, No. 14-0003, 2014 U.S. Dist. LEXIS 65643, at *22 (E.D. La. May 13, 2014) (*citing Jacobsen v. Wyeth, L.L.C.*, No. 10-0823, 2012 U.S. Dist. LEXIS 116887 (E.D. La. Aug. 20, 2012)). Accordingly,

**IT IS ORDERED** that Navistar's Motion [Doc. 69] be and hereby is **GRANTED** as to the plaintiffs' claim under the LPLA for a design defect.[14]

**IT IS FURTHER ORDERED** that the plaintiffs' Motion to Stay [Doc. 78] be and hereby is **DENIED, AS MOOT**.

DMF has also filed a Motion to Dismiss [Doc. 85] for failure to state a claim. The plaintiffs' Second Amended Complaint alleges that DMF was the manufacturer of the "1630 railgear, the high rail system, that was installed" by DMF's co-defendant, TNT.[15] The plaintiffs' allegations against DMF are substantially the same as those made against Navistar, so much so that they are housed in the same numbered paragraphs, and are pleaded collectively, in the plaintiffs' most recent complaint.[16] Similarly, DMF's Motion to Dismiss [Doc. 85]—like Navistar's Motion, also filed prior to the plaintiffs' filing of their most recent complaint—quotes

---

[13] Second Am. Compl. [Doc. 93], at ¶ XI.
[14] As Navistar's Motion to Dismiss [Doc. 69] was filed prior to the plaintiffs' Second Amended Complaint [Doc. 93], and therefore failed to address the plaintiffs' claims under the LPLA for inadequate warning, *see* Second Am. Compl. [Doc. 93], at ¶ XII, the court will not address the inadequate warning claims at this time.
[15] Second Am. Compl. [Doc. 93], at ¶ IX.
[16] *See* Second Am. Compl. [Doc. 93], at ¶¶ X-XII.

verbatim a large section from Navistar's Motion to Dismiss, in effect making identical arguments.[17]  Accordingly, and for the same reasons listed in the above discussion regarding Navistar's Motion,

     **IT IS ORDERED** that DMF's Motion [Doc. 85] be and hereby is **DENIED** as to the plaintiffs' claim for a construction or composition defect under the LPLA.

     **IT IS FURTHER ORDERED** that DMF's Motion [Doc. 85] be and hereby is **GRANTED** as to the plaintiffs' claim under the LPLA for a design defect.

     **IT IS FURTHER ORDERED** that the plaintiffs' Motion to Stay [Doc. 91] be and hereby is **DENIED, AS MOOT**.

     On March 11, 2014, BNSF and RCL filed a Second Rule 12(b)(1) Motion to Dismiss [Doc. 94] in response to the plaintiffs' Second Amended Complaint [Doc. 93].  BNSF and RCL's Motion seeks solely to dismiss the plaintiffs' claims arising under FELA, as these claims have already been dismissed by the court's prior Order [Doc. 86] and Memorandum Ruling [Doc. 88], yet were nevertheless reasserted in the plaintiffs' subsequently filed Second Amended Complaint.[18]

     The plaintiffs offer no new arguments or evidence to justify their reassertion of federal claims previously dismissed by the court.  The plaintiffs' filings seem to indicate that the reiteration of the plaintiffs' FELA claims was simply an oversight.[19]  The plaintiffs' counsel is cautioned to exercise more care in future filings so as not to inadvertently waste either the time, or money, of the parties themselves, defense counsel, or the court.  Accordingly, for the reasons

---

[17] *See* Memo. in Supp. [Doc. 85-1], at 6-7 (wherein DMF concludes that the "arguments presented by Navistar, Inc., are equally applicable to [DMF]").

[18] *See* Second Am. Compl [Doc. 93], at ¶ III.

[19] *See* Sur-Reply to Defs. Opp. to Pl.'s Mot. to Stay [Doc. 110], at ¶ 1 (stating that, "[i]f the Defendant [sic] RCL and BNSF seek to merely correct the Plaintiff's [sic] amended complaint . . . then the Plaintiff has not [sic] objection as this Court already has an order in place that is still binding on the litigants.").

set forth in the court's prior Memorandum Ruling [Doc. 88] addressing the plaintiffs' claims
under FELA,

**IT IS ORDERED** that BNSF and RCL's Motion [Doc. 94] be and hereby is
**GRANTED**, and the plaintiffs' claims under the Federal Employers' Liability Act, 45 U.S.C. §§
51-60, including Mrs. Johnson's claims for loss of consortium under FELA, be and hereby are
**DISMISSED**.  The dismissal of the plaintiffs' FELA claims shall have no effect on the
plaintiffs' state law claims.

On March 18, 2014, Navistar filed a Motion for Summary Judgment [Doc. 97], seeking
the entry of summary judgment in favor of Navistar on all of the plaintiffs' claims.[20]  The
plaintiffs, in response, filed a Motion [Doc. 107] on April 14, 2014, seeking to stay consideration
of Navistar's Motion for Summary Judgment [Doc. 97].  The plaintiffs argue that a stay is
warranted because 1) Mr. Johnson is no longer collecting worker's compensation payments, and
2) the plaintiffs are still engaged in discovery and motions to compel discovery are not due until
February 13, 2015.[21]  On April 15, 2014, Navistar filed a Response [Doc. 108], noting that the
plaintiffs had failed to file their Motion within the time period allotted in the court's Notice of
Motion Setting [Doc. 98], and further alleging that the plaintiffs had not been active in their
discovery efforts.[22]  Navistar stated that the plaintiffs had failed to respond to interrogatories and
requests for production of documents, and had failed to propound any discovery upon Navistar.[23]

A grant of summary judgment is appropriate where the movant has shown that there is
"no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
law."  FED. R. CIV. P. 56(a).  The movant has the burden of "informing the district court of the

---

[20] Mot. for Summ. J. [Doc. 97], at 4.
[21] Memo. in Supp. [Doc. 107-2], at 1.
[22] *See* Response [Doc. 108], at 1-2.
[23] *Id.* at 2.

basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Vaughan v. Carlock Nissan of Tupelo*, 553 Fed. Appx. 438, 440 (5th Cir. 2014) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In assessing a motion for summary judgment, the district court is to draw all inferences in favor of the non-movant. *Id.* (citation omitted).

Navistar concedes that it designed, manufactured, and assembled the basic cab and chassis for the vehicle in question as an "incomplete vehicle," as defined in the Code of Federal Regulations.[24] *See* 49 C.F.R. § 568.4. In support of this assertion, Navistar has submitted the affidavit of Roy S. Zeitlow, Senior Product Integrity Engineer for Navistar.[25] Navistar further asserts that it was "not involved in the design, manufacture, or assembly of the railgear's brake system[,]" nor did the cab and chassis, also known as the International Model 7400, have railgear attached to it at the time it left the manufacturer.[26] Thus, Navistar argues that, among other things, since Navistar did not manufacture the product—namely, the braking system—that the plaintiffs allege was defective, there can be no recovery against Navistar under the LPLA.[27]

First, as to the plaintiffs' assertions that consideration of Navistar's Motion for Summary Judgment is premature, it should be noted that Rule 56(b) permits the filing of a motion for summary judgment at any time until 30 days after the close of discovery. FED. R. CIV. P. 56(b). Secondly, accepting for the moment the plaintiffs' contention that there has thus far been insufficient discovery conducted to properly respond to Navistar's motion, then the appropriate course of action would be, pursuant to Rule 56(d), to "show by affidavit or declaration that, *for*

---

[24] Memo. in Supp. [Doc. 97-1], at 2.
[25] Aff. of Roy S. Zeitlow [Doc. 97-3].
[26] Memo. in Supp. [Doc. 97-1], at 2-3. Aff. of Roy S. Zeitlow [Doc. 97-3], at ¶ 8.
[27] Memo. in Supp. [Doc. 97-1], at 5.

*specified reasons,* [the plaintiffs] cannot present facts essential to justify its opposition." *See* FED. R. CIV. P. 56(d) (emphasis added).  This, the plaintiffs have failed to do.

Nevertheless, the plaintiffs' Second Amended Complaint [Doc. 93] alleges that the truck "and/or" the railgear were unreasonably dangerous in construction or composition.[28]  This allegation could be reasonably interpreted as stating that the truck's loss of braking ability stemmed from either the condition of the cab and chassis system manufactured by Navistar, the braking system, or both.  As such, even accepting all of the arguments set forth in Navistar's Motion [Doc. 97] as true—namely, that Navistar did not construct the subject brake system— there nevertheless remains an undisputed issue of material fact as to whether or not an unreasonably dangerous characteristic of the truck contributed to the accident herein.

Rule 56(e) permits a court to issue any "appropriate order" where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)[.]"  FED. R. CIV. PRO. 56(e)(4).  Here, Navistar has failed to properly support its assertion that there is no triable issue of fact when the plaintiffs' complaint alleges that the truck itself likely played a part in the accident, and no conclusive evidence as to the accident's cause has been submitted to the court by either party.  Likewise, the plaintiffs have failed to properly address Navistar's assertions of fact.

Generally speaking, a grant of summary judgment shall only be given after allowing an

> "adequate time for discovery." *Celotex*, 477 U.S. at 322.  However, a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery would not be "likely to produce the facts needed by [a] plaintiff to withstand a Rule 56(e) motion for summary judgment." *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029-30 (5th Cir. 1983).

---

[28] Second Am. Compl. [Doc. 93], at ¶ X.

*Bisby v. Garza*, 342 Fed. Appx. 969, 973 (5th Cir. 2009). It is with these considerations in mind, as well as the fact that the parties have had several months to conduct discovery since the filing of Navistar's Motion, that the court feels it appropriate to grant Navistar leave to move again for a grant of summary judgment at a time it feels is appropriate. The court also hereby advises the plaintiffs that, given how long this suit has been pending, as well as the amount of time that the plaintiffs have had in which to conduct discovery, little additional leeway shall be granted going forward with respect to requests to stay consideration of motions, absent sufficient justification. Accordingly,

**IT IS ORDERED** that Navistar's Motion for Summary Judgment [Doc. 97] be and hereby is **DENIED** at this time. However, Navistar is hereby granted leave to move again for summary judgment at a time of its choosing.

**IT IS FURTHER ORDERED** that the plaintiffs' Motion [Doc. 107] seeking a stay be and hereby is **DENIED, AS MOOT**.

Lake Charles, Louisiana, this __1__ day of _____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE