

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHAD JOHNSON, ET AL., | * | CIVIL ACTION NO. 2:11-CV-1722 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| RAILROAD CONTROLS, L.P., ET AL. | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is Railroad Controls, L.P. ("RCL") has filed a Motion for Summary Judgment [Doc. 134], to which the plaintiffs have filed a Reply [Doc. 152], to which RCL has filed a Response [Doc. 160]. For the following reasons, RCL's Motion [Doc. 134] is **GRANTED.**

## FACTS & PROCEDURAL HISTORY

Chad Johnson and Betty Johnson ("the plaintiffs") filed suit in federal court on September 26, 2011, against RCL, BNSF, and TNT, for injuries allegedly sustained by Mr. Johnson in the course of his employment with RCL.[1] RCL is a railroad services construction and maintenance company.[2] RCL was employed by BNSF as a third party contractor at the time of the incident.[3]

According to the plaintiffs' complaint, Mr. Johnson was aboard a high rail dump truck vehicle on September 26, 2010, in Washington State when he allegedly sustained serious bodily injury and severe post-traumatic stress disorder when the high rail dump truck vehicle lost

---

[1] Compl. [Doc. 1], at 1-3.
[2] *Id.* at 3.
[3] Memo. in Supp. [Doc. 35-1], at 2.

1

control.[4] At the time, Mr. Johnson had been working on a BNSF railroad track when he was ordered to climb aboard the vehicle, which was then being driven by Mr. Devon Klein.[5] Mr. Klein soon realized that the truck brakes were not functioning, and informed the flagger via radio that they were out of control, at which point they were advised to "bail out."[6] The two men remained in the vehicle, and Mr. Johnson allegedly sustained injuries while the vehicle was out of control and in the ensuing stop when "the truck caught on something and flipped back on its four tires."[7]

The plaintiffs' Second Amended Complaint [Doc. 93], which includes as defendants DMF and Navistar,[8] alleges that the high rail dump truck vehicle in which Mr. Johnson was riding as a passenger on the date of the alleged incident lost braking ability due to the defective nature of the truck and the railgear, resulting in Mr. Johnson's alleged injuries.[9]

The plaintiffs have asserted negligence claims against RCL, Mr. Johnson's employer at the time;[10] claims under the Louisiana Products Liability Act, LA. REV. STAT. ANN. §§ 9:2800.51, *et seq.*, against both DMF, as the manufacturer of the high rail system itself, and Navistar, as the manufacturer of the high rail dump truck that was involved in the accident;[11] a negligence claim against TNT for failing to properly install the braking system; and Mrs. Johnson has sued for loss of consortium.[12]

---

[4] Compl. at 3-4.
[5] Compl. at 5.
[6] *Id.* at 5-6.
[7] *Id.* at 6.
[8] Second. Am. Compl. [Doc. 93] ¶ II.
[9] Second Am. Compl. [Doc. 93] ¶¶ VII, IX, X-XII.
[10] *Id.* ¶¶ VII, VIII.
[11] *Id.* ¶ IX.
[12] *Id.* ¶¶ XVI. Specifically, the Mrs. Johnson alleges a "loss of marital benefits, including companionship, society, sexual relations, affection and comfort in addition to loss of support, loss of income, loss of insurance, loss of pension, loss of retirement benefits, loss of fringe benefits, [and] loss of services." *Id.* ¶ XV.

In an earlier ruling by this court, the plaintiffs' FELA claims were dismissed.[13] Navistar was granted summary judgment on the remaining claims against it in a subsequent ruling.[14] The final claim against RCL is based on a theory of negligence under Louisiana law.

## LAW & ANALYSIS

### I. Standard for Summary Judgment

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.,* No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.,* 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.,* No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

---

[13] *See* Mem. Ruling [Doc. 118] & Judgment [Doc. 119].
[14] *See* Mem. Ruling [Doc. 210] & Judgment [Doc. 211].

## II. Statutory Immunity of RCL

Both parties agree that Louisiana law governs the plaintiffs' cause of action.[15] RCL argues that as Chad Johnson's employer, it is immune from suit under the Louisiana Workers' Compensation Act or the Texas Equivalent.[16]

Louisiana law provides that its Worker's Compensation scheme offers the exclusive rights and remedies for an injured employee entitled to compensation.[17] LA. REV. STAT. § 23:1032(A)(1)(a). The indemnification agreement between RCL and BNSF is separate from any claim that the plaintiffs may have against RCL; it does not create an additional cause of action for the plaintiffs. *See, e.g, Petroleum Co. v. Liberty Servs., Inc.,* 657 So.2d 405, 409 (La. Ct. App. 1995). Additionally, Louisiana is now a pure comparative fault system, and solidary liability among non-intentional tortfeasors has been abolished. *Dumas v. State ex rel Dep't of Culture, Recreation & Tourisn,* 828 So.2d 530, 535 (La. 2002) (citing LA. CIV. CODE art. 2324).

The plaintiffs have acknowledged that Chad Johnson was an employee of RCL during the accident.[18] BNSF and RCL cannot be considered solidarily liable because there has been no allegation of an intentional tort. Plaintiffs have not asserted any grounds of RCL liability separate from its role as an employer. Plaintiffs have failed to raise any genuine dispute as to a material fact regarding whether the Louisiana Worker's Compensation Act governs the exclusive remedies against RCL. Under the Louisiana Worker's Compensation Act, RCL is statutorily

---

[15] *See* RCL's Mem. in Supp. of Mot. for Summ. J. [Doc. 134-2], at 9; and Pls.' Mem. in Opp. to RCL's Mot. for Summ. J. [Doc. 152], at 3-7.
[16] RCL's Mem. in Supp. of Mot. for Summ. J. [Doc. 134-2], at 8.
[17] There is an exception for intentional acts, but plaintiffs do not allege the existence of any intentional torts. *See* La. R.S. § 23:1032(A)(1)(a).
[18] Second Am. Compl. [Doc. 93] ¶¶ I-II.

immune from the plaintiffs' negligence suit, and accordingly, RCL is entitled to a grant of summary judgment in its favor.

Lake Charles, Louisiana, this ___ day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5